IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ONE-E-WAY, INC., § § Plaintiff, § § v. § § DELL TECHNOLOGIES INC., and § DELL INC., § § Defendants. § | | 1:24-CV-1558-RP |
| ONE-E-WAY, INC., § § Plaintiff, § § v. § § ANKER INNOVATIONS LTD., § § Defendant. § | | 1:24-CV-1559-RP |
| ONE-E-WAY, INC., § § Plaintiff, § § v. § § SAMSUNG ELECTRONICS CO., LTD., and § SAMSUNG ELECTRONICS AMERICA, INC., § § Defendants. § | | 1:24-CV-1561-RP |

**ORDER**

Before the Court is Defendants Anker Innovations Ltd. ("Anker"), Dell Inc., Dell Technologies Inc., ("Dell"), Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd.'s ("Samsung") (collectively, "Defendants") Opposed Motion to Stay Pending *Inter Partes*

1

Review. (Dkt. 81). Plaintiff One-E-Way, Inc. ("OEW") filed a response in opposition, (Dkt. 83), and Defendants filed a reply, (Dkt. 88). Having considered the parties' arguments, the record, and the relevant law, the Court will grant Defendants' motion to stay the case.

## I. BACKGROUND

On June 17, 2025, OEW filed its First Amended Complaint against Samsung, alleging infringement of U.S. Patent Nos. 10,129,627 ("'627 patent"), 10,468,047 ("'047 patent"), and 9,107,000 ("'000 patent") (collectively, "Asserted Patents"). (Am. Compl., Dkt. 58). On June 17, 2025, OEW also filed its First Amended Complaint against Anker, alleging infringement of the Asserted Patents. (Am. Compl., Dkt. 59). On June 27, 2025, OEW filed its First Amended Complaint against Dell, alleging infringement of the Asserted Patents. (Am. Compl., Dkt. 65). On July 1, 2025, Anker filed a motion to dismiss OEW's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Dkt. 67). On July 1, 2025, Samsung filed a parallel motion, (Mot. to Dismiss, Dkt. 68), and on July 21, 2025, Dell filed the same, (Mot. to Dismiss, Dkt. 70).

On September 8, 2025, Samsung filed a petition with the Patent Trial and Appeal Board ("PTAB") for *inter partes* review of all claims of the '047 patent. (Mot. to Stay, Dkt. 81, at 5; Pet., Dkt. 81-3). On September 16, 2025, Samsung filed a petition with the PTAB for *inter partes* review of all claims of the '627 patent. (Mot. to Stay, Dkt. 81, at 5; Pet., Dkt. 81-4). On September 17, 2025, Samsung filed a petition with the PTAB for *inter partes* review of Claims 1–5 and 8–12 of the '000 patent. (Mot. to Stay, Dkt. 81, at 5; Pet., Dkt. 81-5). Samsung's *inter partes* review petitions address every asserted claim in the instant case, (Mot. to Stay, Dkt. 81, at 7). Defendants move to stay all proceedings in this case pending resolution of the *inter partes* review of the Asserted Patents. (Mot. to Stay, Dkt. 81, at 5).

## II. LEGAL STANDARD

District courts generally consider three factors when determining whether to stay a matter in light of *inter partes* proceedings: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested. *See Crossroads Sys. v. DOT Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. Jun. 16, 2015). "Also pertinent is whether a stay will reduce the burden of litigation on the parties and the court." *Delta Elecs., Inc. v. Vicor Corp.*, No. WA-23-CV-726-KC, 2024 WL 2838273, at *1 (W.D. Tex. June 5, 2024) (internal quotation marks and citation omitted).

## III. DISCUSSION

Defendants assert that (1) a stay has a substantial likelihood of simplifying the issues, if not resolving the underlying litigation entirely, as the *inter partes* petitions include every patent claim at issue in the present case; (2) a stay will not prejudice OEW because OEW seeks only monetary damages and the Asserted Patents are expired; and (3) the case is still in its early stages, as discovery has not begun and the petitions were filed before the conclusion of claim construction briefing. (Mot. to Stay, Dkt. 81, at 5–6).

OEW responds[1] that it is "pure speculation" *inter partes* review will simplify the issues, as the PTAB has not yet instituted *inter partes* review and, according to OEW, Samsung's petitions are unlikely to be successful. (Resp. to Mot. to Stay, Dkt. 83, at 7). In contending that Defendants'

---

[1] In its response, OEW also evokes this Court's order, (Order, Dkt. 65), denying Defendants' prior motion to stay proceedings pending resolution of their motions to dismiss, in which Defendants argued that the case should be stayed because Defendants were likely to prevail on their motions to dismiss, (Mot. to Stay, Dkt. 51). OEW filed amended complaints against Anker and Samsung approximately a week prior to the Court's order denying Defendants' motion to stay as well as an amended complaint against Dell afterwards. The Court subsequently mooted Defendants' original motions to dismiss. (Text Orders dated June 24 and 30, 2025). The Court's consideration of a stay at that juncture concerned a distinct set of circumstances than those presented here. (Order, Dkt. 65).

3

proposed stay would be unduly prejudicial to OEW, OEW relies on four non-exclusive subfactors some courts have considered when deciding whether a stay will cause the non-movant to suffer undue prejudice or an unfair tactical disadvantage: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." (*Id.* at 9; *Prytime Med. Devices, Inc. v. Front Line Med. Techs., Inc.*, No. 6:24-cv-00001-RP, Dkt. 37 at 4 (W.D. Tex. July 16, 2024) (Gilliland, Mag. J.) (quoting *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC,* 2021 WL 1298932, at *2 (W.D. Tex. Apr. 7, 2021))).

With respect to the first three factors, OEW argues that the timing of Samsung's petitions makes it such that the PTAB will likely not institute proceedings, a stay would be premature because institution decisions are not due for several more months, and "Defendants would have OEW's PTAB positions to review in advance of district court arguments, thus providing an unfair tactical advantage to Defendants." (Resp. to Mot. to Stay, Dkt. 83, at 9–10). Regarding factor four, OEW claims that while OEW and Defendants are "vastly different" sized companies and operate in a "crowded market," they are "nonetheless competitors in the wireless audio industry and have been for many years." (*Id.* at 10). Further, OEW argues that "even without evidence of competitive harm, undue prejudice can be found due to a delay in vindication of a plaintiff's patent rights" (*Id.* at 11). Finally, considering the third factor outlined in *Crossroads Sys.*, OEW contends that the case is at an advanced stage in which both the parties and the Court have invested substantial resources. (*Crossroads Sys.*, 2015 WL 3773014, at *2; Resp. to Mot. to Stay, Dkt. 83, at 11).

The Court finds that the factors described in *Crossroads Sys.* weigh in favor of granting a stay. *Crossroads Sys.*, 2015 WL 3773014, at *2. Should the PTAB decide to engage in *inter partes* review, the issues in this case could be greatly simplified if not obviated completely—however, even if the PTAB decides not to engage in review, the case will only have been stayed a matter of months and proceedings can begin again at that time. *See Nobots, LLC v. Google, LLC*, No. 1:22-cv-585-RP, Dkt.

4

53 (W.D. Tex. July 13, 2022); *Sterling Computers Corp. v. X Corp.*, No. 1:24-CV-552-DII, 2025 WL 943411, at *1 (W.D. Tex. Feb. 13, 2025). Allowing the process before the PTAB to unfold will conserve judicial resources and avoid potential confusion of the issues before the Court holds a claim construction hearing and the parties begin to embark on fact discovery. *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13CV411 JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the [c]ourt nor the parties expend their assets addressing invalid claims.") (internal quotation marks and citation omitted).

Further, Defendants filed this motion before the completion of claim construction briefing. (Mot. to Stay, Dkt. 81, at 5). Fact discovery is not scheduled to open until January 13, 2026, and trial in this case is set for over a year away on April 5, 2027. (Scheduling Order, Dkt. 42). Therefore, this early stage of litigation favors a stay. *See, e.g.*, *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) (noting that "staying the case pending resolutions of the [*inter partes* review] may reduce the amount of discovery required").

Finally, the Court finds that—should the PTAB decide not to initiate *inter partes* review—a short stay of the proceedings will not unduly prejudice OEW. The Asserted Patents are expired, and OEW seeks only monetary damages from Defendants. This Court has held that a party's "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Sys.*, 2015 WL 3773014, at *2. Vague assertions about the loss of evidence and witnesses "are not sufficient to justify a conclusion of undue prejudice." *VirtualAgility v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). Further, OEW's interest in prompt enforcement of its patent rights is "entitled to weight," but, it is a "factor . . . present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a motion." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *3 (E.D. Tex. Feb. 14, 2019). Importantly,

the Court notes that should the PTAB decide to initiate *inter partes* review and "some of the asserted claims survive that review, then statements and reasoning by the PTAB may be persuasive as this court construes the parties' disputed claim terms." *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018).

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants' Opposed Motion to Stay Pending *Inter Partes* Review, (Dkt. 81), is **GRANTED**. This action and all deadlines herein are **STAYED** pending further order of the Court.

**IT IS FURTHER ORDERED** that the parties shall file status reports every 60 days apprising the Court of the status of the *inter partes* review, with the first status report due on or before **January 5, 2026**.

**SIGNED** on October 29, 2025.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE